UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| RAMON RICHARDSON PENA, | : | Case No.: |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| -against- | : | **PLAINTIFF DEMANDS** |
| | : | **TRIAL BY JURY** |
| MANHATTAN ORAL FACIAL SURGERY  LLC, | : | |
| ROBERT BODEY and JANET BODEY, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------X

Plaintiff, RAMON RICHARDSON PENA ("Plaintiff"), by his undersigned counsel, Rapaport Law Firm, PLLC, as and for his Complaint against MANHATAN ORAL FACIAL SURGERY LLC ("Manhattan Oral") ROBERT BODEY and JANET BODEY (the "Bodeys") (all of the defendants are collectively referred to herein as "Defendants"), alleges as follows:

## NATURE OF THE CLAIMS

1.      This is a civil action for declaratory relief and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including, *inter alia*: (a) Defendants' violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, 203, 206 *et seq.*) (the "FLSA") by failing to pay premium overtime wages; and (b) Defendants' violation of the New York Labor Law Articles 6 and 19, 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4, and the supporting New York State Department of Labor regulations by failing to pay overtime wages, failing to pay "spread of hours" compensation, and failing to supply Plaintiff with an accurate statement indicating Plaintiff's rate of pay and hours worked.

## JURISDICTION, VENUE and PARTIES

2.      Plaintiff was and is a citizen of the City of New York, County of Bronx and State of New York.

3.      At all relevant times, Plaintiff was employed by the Defendants to perform a wide range of labor, including, *inter alia*: serving as personal driver for individual defendants Robert Bodey, Janet Bodey and members of their household; serving as driver for the Bodeys' dental business, Manhattan Oral; performing various labor for Manhattan Oral, including opening Manhattan Oral's dental center locations, distributing fliers in front of various Manhattan Oral locations throughout New York City; picking up patients, and transporting files from Manhattan Oral's approximately 11 locations throughout New York City.

4.      At all relevant times, Plaintiff was an "eligible employee" and/or an "employee" under all relevant statutes.

5.      Upon information and belief, Manhattan Oral is a corporation organized under the laws of the State of New York, and it maintains a principal office for the transaction of business at 3915 Broadway, New York, New York 10032.

6.      At all relevant times, Manhattan Oral was a "covered employer" and/or an "employer" under all relevant statutes.

7.       The Defendants employ employees for activities involving the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.  The enterprise conducted by Manhattan Oral has an annual gross income of sales made or business done in an amount not less than $500,000.00.  Therefore, the Defendants' employees, including but not limited to Plaintiff, were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 29 U.S.C. § 203(s)(1)(A).

8.      Upon information and belief, Robert Bodey is an adult natural person who oversees the business operations, payroll practices and procedures relating to Plaintiff.

9.     Upon information and belief, Robert Bodey resides in Fairfield County, Connecticut.

10.    Upon information and belief, Janet Bodey resides in Fairfield County, Connecticut.

11.    Upon information and belief, Robert Bodey and Janet Bodey acted directly and indirectly in Manhattan Oral's interests in relation to their employees, and were thus employers of Plaintiff within the meaning of 29 U.S.C. § 201(d) of the FLSA.

12.    Upon information and belief, at all relevant times, Robert Bodey and Janet Bodey exercised operational control of Manhattan Oral, including but not limited to Manhattan Oral's personnel and wage practices and policies relating to Plaintiff, and Robert Bodey and Janet Bodey were responsible for the unlawful conduct complained of herein.

13.    Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

14.    This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. §1391(b)(1) and (2).

15.    The unlawful conduct alleged herein occurred within this District.

**FACTUAL ALLEGATIONS TO ALL CAUSES OF ACTION**

16.    In or about November 2010, Plaintiff was hired by Defendants to perform various types of labor for Robert Bodey and Janet Bodey, personally, as well as for the business, Manhattan Oral, that Robert Bodey and Janet Bodey jointly control and oversee.

17.     Plaintiff's responsibilities involved, *inter alia*: (a) opening Manhattan Oral's Store No. 3 (*i.e.*, 3056 Third Avenue, Bronx, NY) at approximately 6:30 a.m.; (b) picking up patients for scheduled dental procedures; (c) transporting files between Manhattan Oral's locations in the Bronx and Manhattan; (d) transporting Manhattan Oral's dentists between Manhattan Oral's locations; (e) handing out fliers; (f) delivering supplies to Manhattan Oral's locations from Manhattan Oral's location at 1242 Castle Hill Avenue, Bronx, NY, where supplies were stored; (g) picking up the Bodeys' children at 8:00 p.m. and transporting them home to Connecticut; and (h) in the winter, shoveling snow in front of Manhattan Oral's stores and at the Bodeys' residence.

18.     Plaintiff regularly worked more than 40 hours per week for Defendants, without premium compensation for overtime as required under New York and Federal law.

19.     At all relevant times, at Defendants' direction, Plaintiff's regular weekly schedule was: (a) Monday through Friday, 6:30 a.m. to 9:00 p.m.; and (b) Saturdays and Sundays, 8:00 a.m. to 5:00 p.m.

20.     From in or about November 2010 to April 2013, Defendants paid Plaintiff a flat sum of $550.00 per week for the first 40 hours of work that Plaintiff performed per week, with no compensation whatsoever for overtime.

21.     From in or about May 2013 to in or about November 2015, Defendants paid Plaintiff a flat sum of $450.00 per week for the first 40 hours of work that Plaintiff performed per week, with no compensation whatsoever for overtime.

22.     Defendants never provided Plaintiff with pay statements and/or notices.

23.     Defendants did not pay Plaintiff premium overtime compensation.  In an apparent effort to conceal their willful violation of state and federal overtime laws, Defendants misrepresented to the New York State Department of Labor that Plaintiff never worked for them.

24.     Failure of Defendants to pay overtime compensation was willful.

25.     Defendants further failed to pay "spread of hours" pay as required by the New York Labor Law.

26.     Additionally, Defendants failed to provide Bodey with a statement listing hours worked and rates paid and, instead, provided statements that were self-servingly false and deceptive.

27.     During the entire period of his employment, Defendants violated the NYLL and FLSA by requiring that Plaintiff pay for costs essential to the performance of his work out of his own funds.  Among other things, Plaintiff was forced to pay for various costs relating to upkeep of the car that he used to transport Defendants, their children and employees, and business files; gasoline; highway tolls, and other costs.

## FIRST CAUSE OF ACTION
### Unpaid Overtime Wages
**(Violation of the Fair Labor Standards Act, 29 U.S.C. §201, 203, 206, 207 *et seq.*)**

28.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-27 as if repeated and incorporated herein.

29.     Defendants failed to pay premium overtime wages to Plaintiff in violation of the FLSA, 29 U.S.C. § 203, 207 *et seq.* and its implementing regulations.

30.     Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages and interest thereon.

5

31.     Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

32.     As a result of the foregoing, the Plaintiff seeks judgment against Defendants for all unpaid overtime wages, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) within the time period.

<u>**SECOND CAUSE OF ACTION**</u>
**Unpaid Overtime Wages and Spread of Hours Compensation**
**(Violation of New York Labor Law, Articles 6 and 19 and the supporting New York State Department of Labor Regulations)**

33.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-32 as if repeated and incorporated herein.

34.     Defendants failed to pay overtime wages to Plaintiff in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR § 138-2.1 *et seq.*

35.     Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of New York Labor Law.

36.     Plaintiff often worked shifts of greater than ten hours without receiving additional "spread of hours" compensation.

37.     Defendants' failure to pay spread of hours compensation violates the New York Minimum Wage Act, Labor Law Article 19 § 650, *et seq.* ("MWA"), 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4, and the supporting New York State Department of Labor regulations, specifically the MWA's provisions requiring "spread of hours" pay, which require an employer such as Defendants, to pay additional "spread of hours" compensation to employees who work shifts of greater than ten hours.

38.     In violation of 12 N.Y.C.R.R. § 142-2.7, Defendants routinely failed to provide Plaintiff with a statement with every payment of wages listing hours worked and rates paid.

39.     Plaintiff seeks recovery of liquidated damages, as well as attorney's fees and costs of this action, as provided by New York Labor Law § 663(1).

40.     Plaintiff seeks the amount of underpayments based on Defendants' failure to pay one and one-half times the regular rate of pay for work performed in excess of forty hours per week, and "spread of hours" compensation for his shifts of greater than ten hours, and relief from Defendants' unlawful and willful conduct, as the Court deems just and proper for the period of time commencing six years prior to the filing of Plaintiff's complaint with the New York State Department of Labor.

**THIRD CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**

41.     Plaintiff repeats and realleges and incorporates each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

42.     The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

43.     Defendants willfully failed to provide Plaintiff with wage statements at the end of every pay period that correctly identified the number of overtime hours worked; gross wages; and such other information as required by NYLL § 195(3).

44.     Defendants had a pattern and practice of violating NYLL § 195(3) by not issuing pay statements.  Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants employee liquidated damages of $250.00 per work day that the violations occurred, or continued up to $5,000.00, together with costs, reasonable attorneys' fees, prejudgment and postjudgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

## FOURTH CAUSE OF ACTION
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices**

45.     Plaintiff repeats, realleges and incorporates by reference the prior allegations of this complaint as if fully alleged herein.

46.     The NYLL and WTPA, as well as the NYLL's regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

47.     From its enactment on April 9, 2011, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment (later amended to be distributed "upon hiring" and not annually) and to provide to employees a written notice in English and Spanish (Plaintiff's primary language) setting forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other legally-mandated disclosures.

48.     In violation of NYLL § 191, Defendants failed to provide wage notices containing the rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law; in violation of the NYLL § 195(1).

49.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages:

(a) for the time period commencing six years before the filing of Plaintiff's Complaint with the New York State Department of Labor (i.e., commencing in or about December 2009), through in or about February 26, 2015, the sum $50 per work week, up to $2,500; and

(b) from February 27, 2015 through the resolution of this case, $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of disbursements of the action, pursuant to the NYLL § 198(1-b).

### FIFTH CAUSE OF ACTION
### Illegal Deductions, New York Labor Law,
### Article 19 § 193, 12 N.Y.C.R.R. § 2.10(a).

50.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

51.     In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from Plaintiff, including *inter alia*, deductions by requiring him to spend his own money on work-related expenses.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Ramon Richardson Pena, respectfully requests that this Court enter a Judgment in his favor and against the Defendants containing the following relief:

A.   Declaring that the actions, conduct, practices, and policies of Defendants complained of herein violate the laws of the United States of America and the State of New York;

B.   Awarding damages for Plaintiff's claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

C.   Awarding damages for Plaintiff's claims of unpaid overtime wages and "spread of hours" compensation as secured by Articles 6 and 19 of the New York Labor Law as

well as an award of liquidated damages in an amount equal to 100% of unpaid wages

pursuant to the New York Labor Law §§ 663 and 198(1-a);

D.      Awarding any and all other monetary losses suffered by Plaintiff in an amount to be

determined at trial;

E.      Awarding all costs that Plaintiff has incurred in this action, as well as Plaintiff's

reasonable attorneys' fees to the fullest extent permitted by law;

F.      Awarding pre-judgment interest on all amounts due; and

G.      Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury in this action.

Dated: New York, New York
       March 3, 2017

RAPAPORT LAW FIRM, PLLC
Attorneys for Plaintiff
*Ramon Richardson Pena*


By:   /s/ Marc A. Rapaport
      Marc A. Rapaport
      One Penn Plaza, Suite 2430
      New York, New York 10119
      (212) 382-1600
      mrapaport@rapaportlaw.com